FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 0 8 2026

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ELLIS MESHACH RASPBERRY, In Propria Persona,
and DIVINE CREATION OF RASPBERRY PRIVATE TRUST,
Plaintiffs,

v.

COBB COUNTY, GEORGIA, et al.,
Defendants.

Civil Action No. 1:26-cv-01546
Honorable Steven D. Grimberg, Presiding

**NOTICE OF SUPPLEMENTAL FACTS,
NOTICE OF ADDITION OF DEFENDANTS,
AND DOCUMENTED NOTICE OF JUDICIAL MISCONDUCT
OCCURRING ON JUNE 2, 2026**

**NOTICE OF SPECIAL APPEARANCE IN PROPRIA PERSONA
AND IN FIDUCIARY CAPACITY AS TRUSTEE**

COMES NOW, Ellis Meshach Raspberry, hereinafter "Plaintiff," appearing in propria persona and

in his fiduciary capacity as Trustee of the Divine Creation of Raspberry Private Trust, a Foreign

Grantor Trust, all rights reserved without waiver, and hereby files this Notice of Supplemental

Facts pursuant to Federal Rule of Civil Procedure 15(d) and the Court's inherent authority to

receive notice of material facts directly bearing upon claims pending before it. This Notice

supplements the Second Amended Complaint filed in the above-captioned action and places the

Court and all parties on actual, documented, written notice of the following:

**I. NOTICE OF ADDITION OF DEFENDANTS**

Plaintiff hereby provides notice of the following additional defendants whose conduct, as set forth herein, constitutes direct participation in the pattern of retaliation, coordinated abuse of legal process, and deprivation of federally protected rights that form the basis of this action. Each defendant named herein is sued in their individual and official capacity. Their conduct falls squarely within the retaliatory scope already pled against Cobb County and the State of Georgia and requires no new theory of recovery.

**A. James Ausenbaugh, Esq. — Attorney, Cobb County Legal Aid (Individual and Official Capacity):** James Ausenbaugh, Esq. is an attorney employed by or affiliated with Cobb County Legal Aid who entered an appearance on June 2, 2026, at 5:22 A.M. in Cobb County Superior Court Case No. 26CV03033, styled Andrell Hall v. Ellis M., Trustee. Plaintiff did not receive notice of said appearance until approximately 8:35 A.M. on the same date — less than one hour before the scheduled show cause hearing — in direct violation of adequate notice requirements and Plaintiff's procedural due process rights under the Fourteenth Amendment to the United States Constitution. Attorney Ausenbaugh is the second successive Cobb County Legal Aid attorney to appear in Case No. 26CV03033, evidencing institutional, not merely individual, participation in the retaliatory scheme. Further, Attorney Ausenbaugh admitted on audio record, in response to direct questioning by Plaintiff, that his client Andrell Hall had committed perjury, yet took no corrective action and proceeded with the hearing. Ausenbaugh is sued in his individual and official capacity.

**B. Cobb County Legal Aid — Institutional Defendant (Official Capacity):** Cobb County Legal Aid is an organization operating within Cobb County, Georgia, whose precise legal entity form is subject to verification and will be confirmed through discovery. Cobb County Legal Aid has

deployed successive attorneys to represent Petitioner Andrell Hall — a named Defendant in this federal action — in a state court proceeding that Plaintiff has documented as retaliatory, pretextual, and coordinated with named state actor defendants. The institutional pattern of providing successive legal representation in a proceeding designed to harass, entrap, and retaliate against an active federal civil rights plaintiff supports Monell-style institutional liability to the extent Cobb County Legal Aid operates as a state actor or under color of state law. See Monell v. Dep't of Social Services, 436 U.S. 658 (1978). Cobb County Legal Aid is named in its official capacity, subject to amendment upon verification of legal entity status and corporate structure.

## II. SUPPLEMENTAL FACTS — JUNE 2, 2026 STATE COURT PROCEEDING

On June 2, 2026, Plaintiff appeared in Cobb County Superior Court in Case No. 26CV03033 for a scheduled show cause hearing presided over by Judge Brendan F. Murphy — a named Defendant in this federal action. The following facts are each independently documented by: (1) audio recording made by Plaintiff pursuant to his Notice of Intent to Record All Proceedings (filed May 20, 2026); (2) official docket entries on PeachCourt.com for Case No. 26CV03033; and (3) the filed record in this action.

1.  SUBJECT MATTER JURISDICTION EXTINGUISHED BEFORE HEARING COMMENCED: Prior to the commencement of the June 2, 2026 hearing, the Temporary Protective Order ("TPO") that constituted the sole subject matter basis of Case No. 26CV03033 was dismissed on the record. Said dismissal is reflected in the official court docket as "DISMISSAL OF TPO," filed June 2, 2026, Source: Manual. Plaintiff did not discover this dismissal until after leaving the courthouse and reviewing the public docket. The TPO dismissal extinguished any subject matter jurisdiction the court possessed before

the hearing began. Any orders, rulings, or proceedings conducted by Judge Murphy thereafter are void ab initio. A court that proceeds without subject matter jurisdiction acts in excess of its authority. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94-95 (1998).

2. JUDGE BRENDAN F. MURPHY — WILLFUL REFUSAL TO RECUSE — ACTIVE NAMED DEFENDANT: Judge Brendan F. Murphy presided over the June 2, 2026 proceedings despite being a named Defendant in this civil action, No. 1:26-cv-01546. Plaintiff made multiple oral demands, on the record, for Judge Murphy to recuse himself pursuant to 28 U.S.C. § 455(a), which mandates disqualification of any judge whose impartiality might reasonably be questioned, and 28 U.S.C. § 455(b)(5)(i), which mandates disqualification where the judge is a party to the proceeding. Judge Murphy refused to recuse himself, provided no stated legal basis for that refusal, and failed to address the mandatory statutory language. This refusal constitutes an independent due process violation and a willful act in direct conflict with federal statute. Caperton v. A.T. Massey Coal Co., 556 U.S. 868, 876-77 (2009).

3. DENIAL OF ALL PENDING MOTIONS WITHOUT STATED LEGAL BASIS: Judge Murphy denied each and every substantive motion filed by Plaintiff in Case No. 26CV03033 without citing legal authority or engaging with the constitutional, jurisdictional, and conflict-of-interest issues raised therein. The denied motions include, in chronological order: (a) Notice of Special Appearance in Propria Persona and in Fiduciary Capacity as Trustee; Objection to Subject Matter Jurisdiction; Motion to Dismiss for Lack of Jurisdiction; Motion to Recuse Judge Brendan F. Murphy; Demand for Delegation of Authority and Oath of Office; and Notice of Perjury and Bad Faith by Petitioner (filed May

7, 2026); (b) Emergency Motion for Pre-Hearing Chambers Conference, with Demand for Full Recording, Certified Transcript, and Notice of Constitutional and Conflict Issues Requiring Judicial Resolution Before Proceeding on the Merits (filed May 8, 2026); (c) Formal Notice of Judicial Impossibility, Documented Pattern of Structural Entrapment, and Warning Against Unlawful Arrest of a Court-Ordered Appearing Party (filed May 8, 2026); (d) Verified Affidavit of Facts in Support of Special Appearance, Motion to Dismiss, and Emergency Motion for Chambers Conference (filed May 13, 2026); and (e) Notice of Retaliatory Filing, Pretextual Entrapment, Absence of Lawful Judicial Authority, Notice of Intent to Record All Proceedings, and Demand for Written Response (filed May 20, 2026). The wholesale denial of seven constitutionally grounded filings without legal reasoning, by a judge who is himself a named defendant, constitutes a systematic deprivation of Plaintiff's right to be heard.

4. **ON-RECORD ADMISSION BY OPPOSING COUNSEL OF PETITIONER'S PERJURY**: Prior to and during the June 2, 2026 proceedings, Plaintiff directly questioned Attorney James Ausenbaugh regarding perjury committed by his client, Andrell Hall — a named Defendant in this federal action. Plaintiff stated: "You do realize she perjured herself, correct?" Attorney Ausenbaugh responded affirmatively: "Yep." This exchange is captured on audio recording. Despite Plaintiff making this admission known during the proceedings, Judge Murphy took no remedial action, did not address the perjury acknowledgment, entertained no motion relating thereto, and proceeded as though no such admission had been made. The court's facilitation of proceedings predicated on perjured testimony, following an on-record acknowledgment of that perjury by opposing counsel, constitutes a separate and independent constitutional deprivation.

5. PROCEDURALLY DEFECTIVE NOTICE — ENTRY OF APPEARANCE FILED AT 5:22 A.M.: Attorney Ausenbaugh filed his Entry of Appearance in Case No. 26CV03033 via EFile PeachCourt at 5:22 A.M. on June 2, 2026. Plaintiff did not receive notification of this appearance until approximately 8:35 A.M. on the same date — less than one hour before the scheduled hearing. This pre-dawn filing, with truncated notice, deprived Plaintiff of adequate opportunity to assess opposing counsel's identity, authority, and capacity prior to the hearing, in violation of Plaintiff's procedural due process rights under the Fourteenth Amendment to the United States Constitution.

6. PLAINTIFF'S LAWFUL WITHDRAWAL — PRESERVATION OF ALL RIGHTS: Upon the Court's continued refusal to address unresolved jurisdictional challenges, its refusal to enforce the mandatory recusal statute, and its denial of all pending motions without legal basis — all while subject matter jurisdiction had already been extinguished — Plaintiff exercised his right to withdraw from participation in proceedings conducted without lawful authority. Plaintiff's withdrawal was made on the record and is fully consistent with all prior filed notices preserving all rights, defenses, and objections without waiver of any kind. Plaintiff's withdrawal does not constitute consent, acquiescence, or abandonment of any claim.

### III. CONTROLLING LEGAL AUTHORITY

The following authority supports the legal significance of each fact set forth herein:

28 U.S.C. § 455(a) — A justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. A judge who

is a named party-defendant in the plaintiff's active federal civil rights lawsuit presents the paradigmatic and most compelling case for mandatory statutory disqualification.

28 U.S.C. § 455(b)(5)(i) — A judge shall disqualify himself where he is a party to the proceeding. Judge Murphy's status as a named defendant in No. 1:26-cv-01546 triggers this mandatory provision without exception.

Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009) — The Supreme Court held that the Due Process Clause requires recusal where there is a serious risk of actual bias based on objective and reasonable perceptions. A judge presiding over a case brought by a plaintiff who has named that judge as a federal civil rights defendant presents a materially stronger basis for disqualification than Caperton.

Steel Co. v. Citizens for a Better Environment, 523 U.S. 83 (1998) — Subject matter jurisdiction is a threshold requirement that cannot be waived by the parties and cannot be conferred by consent. A court proceeding without subject matter jurisdiction acts in excess of its authority and any resulting orders are void.

Monell v. Department of Social Services, 436 U.S. 658 (1978) — Municipal and institutional liability under 42 U.S.C. § 1983 attaches where a constitutional deprivation results from an official policy, custom, or pattern of practice. The successive institutional deployment of Cobb County Legal Aid attorneys in a retaliatory proceeding against an active federal civil rights plaintiff constitutes precisely the pattern of practice addressed in Monell.

Dennis v. Sparks, 449 U.S. 24 (1980) — Private parties who conspire with state officials to deprive a person of constitutional rights act under color of state law and are subject to liability under 42

U.S.C. § 1983. Attorney Ausenbaugh and Cobb County Legal Aid's coordination with state court actors in proceedings designed to retaliate against Plaintiff falls within the Dennis framework.

Nieves v. Bartlett, 587 U.S. 391 (2019) — Retaliatory prosecution or legal action against an individual for exercising First Amendment rights is actionable. Plaintiff's filing of the federal complaint preceded the state TPO petition, establishing the retaliatory temporal sequence.

## IV. CONCLUSION AND NOTICE TO THE COURT

Plaintiff files this Notice to formally establish the following on the federal record of Civil Action No. 1:26-cv-01546:

1. Judge Brendan F. Murphy, a named Defendant in this action, presided over a state court hearing on June 2, 2026; refused mandatory recusal under 28 U.S.C. § 455; denied all of Plaintiff's constitutionally grounded motions without legal basis; and conducted proceedings after subject matter jurisdiction had been extinguished by the dismissal of the underlying TPO.

2. James Ausenbaugh, Esq. and Cobb County Legal Aid are hereby added to this action as Defendants. Their conduct is part of the documented institutional pattern of retaliation already pled against Cobb County and the State of Georgia.

3. Attorney Ausenbaugh admitted on audio record that his client Andrell Hall committed perjury. No corrective action was taken by the presiding court.

4. All facts set forth herein are supported by audio recording, official court docket entries in Case No. 26CV03033, and the filed record in this action. Plaintiff reserves the right to submit said audio recording as an exhibit upon motion or Court order.

5. Plaintiff reserves all rights to move for sanctions, injunctive relief, contempt, and further remedies upon full briefing.

---

Respectfully submitted this 2nd day of June, 2026.

Ellis Meshach Raspberry, In Propria Persona
Trustee, Divine Creation of Raspberry Private Trust
Foreign Grantor Trust
Equal Footing Institute of Law & Strategy LLC
PO Box 723252, Atlanta, GA 31139-9997
All Rights Reserved — Without Prejudice — UCC 1-308

---

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2026, a true and correct copy of the foregoing Notice of Supplemental Facts, Notice of Addition of Defendants, and Documented Notice of Judicial Misconduct was filed with the Court and served upon all parties of record in Civil Action No. 1:26-cv-01546 via the Court's CM/ECF electronic filing system, and upon newly noticed defendants via U.S. Mail, certified, return receipt requested, at their last known address of record.

Ellis Meshach Raspberry

PO BOX 723252
Atlanta, GA, 31139



CM LG ENV
ATLANTA, GA 30339
JUN 04, 2026

30303

$1.90

RDC 99

S2324H501986-47

Court of Clerk
75 Ted Turner Dr SW
Atlanta GA, 30303
United States

CLEARED DATE

JUN 0 8 2026

U.S. Marshals Service
Atlanta, GA 30303