FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUL 27 2026

KEVIN P. WEIMER, Clerk
By: *AmR* Deputy Clerk

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

ELLIS MESHACH RASPBERRY, In Propria Persona,

and DIVINE CREATION OF RASPBERRY PRIVATE TRUST,

Plaintiffs,

v.                                                    Civil Action No.: 1:26-cv-01546

COBB COUNTY, GEORGIA, et al.,

Defendants.

Honorable Steven D. Grimberg, Presiding

**PLAINTIFF'S MOTION FOR STATUS UPDATE AND RULING ON**
**PENDING FRIVOLITY DETERMINATION UNDER 28 U.S.C. § 1915(e)(2)(B),**
**AND FOR AUTHORIZATION OF SERVICE OF PROCESS**

COMES NOW Plaintiff Ellis Meshach Raspberry, Trustee of the Divine Creation of Raspberry

Private Trust, appearing pro se, and respectfully moves this Court for a ruling on the pending

statutory frivolity review required under 28 U.S.C. § 1915(e)(2)(B), and for an order authorizing

service of process upon Defendants in accordance with 28 U.S.C. § 1915(d) and Fed. R. Civ. P.

4(c)(3). Plaintiff submits this Motion respectfully and solely for the purpose of obtaining the Court's guidance on case status; Plaintiff does not intend, and this Motion should not be construed, as any criticism of this Court or its docket management.

## I. PROCEDURAL HISTORY

1. On March 23, 2026, Plaintiff filed an Application for Leave to Proceed In Forma Pauperis, together with the original Complaint and Civil Cover Sheet.

2. On March 25, 2026, the matter was submitted to Magistrate Judge Regina D. Cannon.

3. On April 1, 2026, Magistrate Judge Cannon entered an Order granting Plaintiff's Application to proceed without prepayment of fees, and directed the Clerk to submit the action to this Court "for a frivolity determination pursuant to 28 U.S.C. § 1915(e)(2)(B)" and to terminate the referral to the Magistrate Judge.

4. On April 2, 2026, this Court entered its Standing Order Regarding Civil Litigation, of general application to all civil matters before this Court.

5. On April 7, 2026, Plaintiff filed a First Amended Complaint. On April 21, 2026, Plaintiff filed a Motion for Pre-Service Chambers Conference and Early Case Management, reflecting Plaintiff's understanding at that time that service of process upon Defendants had not yet been authorized or effected. On May 14, 2026, Plaintiff filed the operative Second Amended Complaint against all Defendants.

6. As of the date of this Motion, the docket does not reflect that the § 1915(e)(2)(B) frivolity determination referenced in the Magistrate Judge's April 1, 2026 Order has been completed, that

any summons has issued, that any USM-285 forms have been processed, or that service of process has been effected upon any Defendant.

## II. BASIS FOR RELIEF REQUESTED

7. Pursuant to 28 U.S.C. § 1915(d), in actions where a plaintiff is authorized to proceed in forma pauperis, "the officers of the court shall issue and serve all process." Where a plaintiff proceeds under § 1915, the United States Marshals Service effects service upon the plaintiff's request once the Court has completed its statutory screening function. See Fed. R. Civ. P. 4(c)(3). Plaintiff is prepared to promptly furnish completed USM-285 forms for each named Defendant upon the Court's authorization.

8. Federal Rule of Civil Procedure 1 directs that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action." Plaintiff respectfully notes that more than three months have elapsed since the Magistrate Judge's referral for frivolity determination, during which time Plaintiff has diligently prosecuted this action by filing a First Amended Complaint, a Second Amended Complaint, supporting affidavits, jurisdictional notices, and notices of supplemental fact — all without any Defendant yet having been served or required to respond.

9. Plaintiff respectfully represents that the absence of service has practical consequences bearing on the urgency of this request. Plaintiff's Second Amended Complaint alleges ongoing and continuing constitutional violations by several named Defendants, including conduct occurring after the most recent amendment was filed. Several individually named Defendants who are state court judicial officers have matters currently scheduled involving Plaintiff, including a hearing

scheduled for August 20, 2026. Plaintiff does not request that this Court take any action regarding that state proceeding; Plaintiff raises it solely to explain why a ruling on the pending federal screening determination, and authorization of service, would assist Plaintiff in the orderly prosecution of this action.

## III. RELIEF REQUESTED

10. Plaintiff respectfully requests that this Court: (a) issue a ruling on the pending § 1915(e)(2)(B) frivolity determination as to the operative Second Amended Complaint; (b) to the extent the action survives that review, direct the Clerk to issue summonses and authorize service of process upon all named Defendants by the United States Marshals Service pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3); and (c) in the alternative, should the Court prefer, schedule a brief status conference to address the current procedural posture of this action.

11. Plaintiff submits this Motion in good faith and with full respect for this Court's docket and the demands upon its time, and requests only the guidance and ruling necessary to allow this action to proceed in the ordinary course.

Respectfully submitted this 30th day of June, 2026,

Ellis Meshach Raspberry

Plaintiff, Pro Se

Trustee, Divine Creation of Raspberry Private Trust

PO Box 723252

Atlanta, Georgia 31139-9997

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of June, 2026, a true and correct copy of the foregoing

Motion was filed with the Court's electronic filing system. As no Defendant has yet been served

or appeared in this action, no further service is required at this time; Plaintiff will serve this filing

upon all Defendants concurrently with service of the Second Amended Complaint upon the

Court's authorization.

_____

Ellis Meshach Raspberry, Plaintiff, Pro Se