FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUL 27 2026

KEVIN P. WEIMER, Clerk
By: ___ Deputy Clerk

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

DIVINE CREATION OF RASPBERRY PRIVATE TRUST,

by and through its Fiduciary,

ELLIS MESHACH RASPBERRY,

    Plaintiff, Pro Se,

v.                                Civil Action No.: 1:26-cv-01546

FULTON COUNTY, GEORGIA, et al.,

Defendants.

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL FACTS
REGARDING POST-FILING RETALIATORY ENFORCEMENT ACTION
BY DEFENDANTS GEORGIA DEPARTMENT OF HUMAN SERVICES,
CANDICE BROCE, AND SARAH HURST**

COMES NOW Plaintiff Ellis Meshach Raspberry, Trustee of the Divine Creation of Raspberry Private Trust, appearing pro se, and respectfully submits this Notice of Supplemental Facts to advise the Court of an additional act of enforcement undertaken by Defendant Georgia Department of Human Services ("GDHS"), under the policy direction of Defendants Candice Broce and Sarah Hurst, occurring after the filing of this action and bearing directly on Plaintiff's

claims of retaliation and structural due process violation alleged in the Second Amended Complaint.

## I. SUPPLEMENTAL FACTS

1. On June 17, 2026, GDHS, through its Division of Child Support Services, issued a Statement of Rights, Remedies, and Responsibilities and an Income Withholding for Support directed to a new employer of Plaintiff, Transformation Hospitality Sol, in connection with CSE Agency Case Identifier 190028882, the same case underlying the October 24, 2024 ex parte child support order challenged in the Second Amended Complaint at Paragraphs 60, 80, and 100–106.

2. This was the first income withholding action issued against this particular employer. Plaintiff's relationship with this employer was limited to a single, temporary work assignment, not ongoing or regular employment.

3. This enforcement action was initiated by Defendants GDHS, Broce, and Hurst more than three months after Plaintiff filed his initial federal civil rights complaint in this action in March 2026, naming GDHS, Broce, and Hurst as defendants, and while this litigation remained actively pending.

4. This enforcement action constitutes new, affirmative conduct by named Defendants occurring after they were placed on notice of this federal litigation — conduct of the same character as the May 5, 2026 retaliatory continuance order issued by Defendant Judge Brendan F. Murphy described at Paragraphs 70–71 of the Second Amended Complaint, and forms part of the same pattern of continuing retaliation against Plaintiff for exercising his First Amendment right to petition the courts.

5. Plaintiff has submitted a request for an administrative hearing to contest this enforcement action through the channel identified in the Department's own notice, preserving his rights at the administrative level concurrently with this Notice.

## II. RELEVANCE TO PENDING CLAIMS

6. This supplemental fact is directly relevant to Count I (Procedural Due Process), Count VIII (First Amendment Retaliation), and Count XXI (Structural Bias and Due Process Violation — Title IV-D Financial Conflict of Interest) of the Second Amended Complaint, as it constitutes continued enforcement of the same disputed October 24, 2024 order by the same named Defendants whose structural financial incentive under 42 U.S.C. § 658a is alleged at Paragraphs 100–106.

7. Plaintiff respectfully requests that the Court take judicial notice of this ongoing enforcement activity as further evidence of the continuing and escalating nature of the retaliatory conduct described in the Second Amended Complaint, consistent with the relief requested at Paragraph 109(F) of the Second Amended Complaint.

WHEREFORE, Plaintiff respectfully requests that the Court note this supplemental fact in the record of this action and consider it in connection with Plaintiff's pending claims and any request for expedited discovery or injunctive relief.

Respectfully submitted this 30th day of June, 2026,



Ellis Meshach Raspberry

Plaintiff, Pro Se

Trustee, Divine Creation of Raspberry Private Trust

PO Box 723252

Atlanta, Georgia 31139-9997

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of June, 2026, a true and correct copy of the foregoing

Notice of Supplemental Facts was served upon all named defendants or their counsel of record

via the Court's electronic filing system and/or U.S. Mail as appropriate for each defendant.

Ellis Meshach Raspberry, Plaintiff, Pro Se

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**26CV03033**

PRESIDING JUDGE
JUN 05, 2026 08:51 PM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

### IN THE SUPERIOR COURT OF COBB COUNTY

### STATE OF GEORGIA

| | |
|---|---|
| ANDRELL HALL, et al, | * |
| | *     CIVIL ACTION FILE |
| | *     NO.   26CV03033 |
| v. | * |
| | * |
| ELLIS RASPBERRY, | * |
| | * |
|    Defendant. | * |

### ORDER ON RESPONDENT'S MOTIONS

On June 2, 2026, the above case came before the Court for a hearing on a Petition for Temporary Protective Order.  Present before the Court were Petitioner, Petitioner's counsel, James Ausenbaugh, and Respondent, self-represented.  Also pending before the Court are several motions filed by Respondent, to wit: Notice of Special Appearance in Propria Persona and in Fiduciary Capacity as Trustee[,] Objection to Subject Matter Jurisdiction, Motion to Dismiss for Lack of Jurisdiction, Motion to Recuse Judge Brendan F. Murphy, Demand for Delegation of Authority and Oath of Office, and Notice of Perjury and Bad Faith by Petitioner, filed on May 7, 2026, and Emergency Motion for Pre-Hearing Chambers Conference on June 2, 2026, Prior to Commencement of Show Cause Hearing, With Demand for Full Recording, Certified Transcript, and Notice of Constitutional and Conflict Issues Requiring Judicial Resolution Before Proceeding on the Merits, filed on May 8, 2026.  Having reviewed the pleadings, the arguments and evidence presented, and the relevant law, the Court hereby makes the following Findings, Order and Judgment:

1.

In the May 7th motions, Respondent challenges the existence of subject matter jurisdiction in this matter.  At the outset of the hearing, Respondent referred to himself as the "Ellis M., the trustee" for Ellis Raspberry.  During oral argument on the recusal, Respondent repeatedly asked the Court to provide proof of its oath of office and delegation of authority allowing it to issue orders.

1

Though Respondent objected to Petitioner's counsel's reference to him as a "sovereign citizen," the Court **finds** the motions filed and arguments are akin to those used in the "so-called sovereign citizen defense." *Tariq-Madyun v. State*, 361 Ga. App. 219, 222 (2021). The latter defense is "one in which an individual claims that he or she is not subject to the jurisdiction of courts and government agencies . . . and it is defense that has no conceivable validity in American law." *Id.* Such arguments and defenses should be summarily rejected. *Brown v. State*, 346 Ga. App. 245, 247 (2018).

**2.**

Accordingly, the Court **finds** Respondent's May 7th motions as to jurisdiction, the Court's delegation of authority and oath of office, and special appearance are without merit and hereby **DENIED**. The Court notes Respondent's recusal motion is addressed by separate order. To the extent Respondent's May 7th motions raise arguments and defenses concerning the substance of the Petition, the Court finds they are **MOOT** as the Petition was denied.

**3.**

As to the May 8th Emergency Motion, the Court finds the pre-hearing conference is **MOOT**. While both parties were welcome to bring a court reporter to the proceedings, *see* O.C.G.A. 5-6-41(k), neither party elected to do so. Therefore, the Court **DENIES** Respondent's request for a certified transcript.

SO ORDERED this 5 day of ___June___, 2026.

_____
Brendan F. Murphy, Assisting Judge
Cobb Superior Court
Cobb Judicial Circuit

2

**IN THE SUPERIOR COURT OF COBB COUNTY**
**STATE OF GEORGIA**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that service of a copy of the within and foregoing order (File Number 26-cv03033 has been made, attempted, or as otherwise indicated, upon the parties indicated herein and <u>only</u> as marked below, on or about the date listed:

**Petitioner**
**ANDRELL HALL**
**CONFIDENTIAL**
☐ Hand Delivered to petitioner : ☒ Cobb County Mail System | ☐ electronic mail | ☐ LiveSafe Resources) |
☐ via hand-delivery at hearing | ☐ via the Cobb County Mail System to address as noted | ☐ Sheriff service requested
| ☐ service to counsel for Petitioner |
(via ☐ hand-delivery in court | ☐ Cobb County Mail System to address: ☐ as noted ☐ as in the State Bar of Georgia Directory)

**Respondent**
**ELLIS RASPBERRY**
**5042 PACES STATION DR.**
**ATLANTA, GA 30339**
☐ address withheld (service via: ☒ Cobb County Mail System | ☐ electronic mail | ☐ LiveSafe Resources) |
☐ via hand-delivery at hearing | ☐ via the Cobb County Mail System to address as noted | ☐ Sheriff service requested
| ☐ service to counsel for Respondt |
(via ☐ hand-delivery in court | ☐ Cobb County Mail System to address: ☐ as noted ☐ as The State Bar of Georgia Directory)

**Office of the Sheriff of Cobb County**
**Public Safety Building**
**32 Waddell Street**
**Marietta, GA 30090-9656**
☐ via hand-delivery to deputy sheriff at hearing | ☒ certified copy – via hand delivery

This <u>5th</u> day of <u>June, 2026</u>.

For Hon. Brendan F. Murphy
Assisting Superior Court Judge
Per O.C.G.A. § 15-1-9.1
Cobb Judicial Circuit

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**26CV03033**

PRESIDING JUDGE
JUN 05, 2026 08:59 PM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

### IN THE SUPERIOR COURT OF COBB COUNTY

### STATE OF GEORGIA

ANDRELL HALL, et al,

v.

ELLIS RASPBERRY,

    Defendant.

\* \* \* \* \* \* \* \*

CIVIL ACTION FILE
NO.    26CV03033

---

### ORDER ON RESPONDENT'S MOTION TO RECUSE JUDGE BRENDAN F.

### MURPHY

On April 13, 2026, a Petition for Temporary Protective Order was filed, with a hearing on the Petion subsequently scheduled for May 5, 2026.  On May 5, 2026, the Court, having found evasion, entered an order continuing the hearing to June 2, 2026.  A review of the record indicates Respondent was served on May 7, 2026.  On May 7, 2026, Respondent filed, *inter alia,* a Motion to Recuse Judge Brendan F. Murphy ("Motion"), with the supporting affidavit ("Affidavit") filed on May 13, 2026.

On June 2, 2026, Petitioner, Petitioner's counsel, James Ausenbaugh, and Respondent, self-represented, appeared before the Court for a hearing on the Petition. Prior to addressing the Petition, the Court heard argument from Respondent and Petitioner on the instant Motion.  Having reviewed the pleadings, the arguments and evidence presented, and the relevant law, the Court hereby makes the following Findings, Order and Judgment:

**1.**

Respondent seeks to recuse this Court based on the Court, to wit: the Honorable Brendan F. Murphy, sitting for the Superior Court of Cobb County, being named as a

1

defendant in a federal lawsuit filed by Respondent in the U.S. District Court, Northern District of Georgia.[1]

**2.**

Motions to recuse are governed by U.S.C.R. 25, *et seq.* A motion to recuse must be timely filed, in writing, and presented with an accompanying affidavit asserting all the facts serving as the basis for the motion. To be timely, the motion must be both filed and presented no later than five (5) days after the affiant first learned of the disqualification grounds, with the latter being "an act that makes the judge immediately and personally aware of the recusal issue." *Mondy v. Magnolia Advanced Materials, Inc.,* 303 Ga. 764, 768 (2018). *See also* U.S.C.R. 25.1.

**3.**

In preparing for the June 2nd calendar, the Court's staff first learned of the Motion and Affidavit on May 29, 2026. A review of the Certificate of Service affixed to the May 7th Motion states that "on this _____ day of May, 2026," a copy of the Motion was sent to Petitioner with an additional certified copy going to the Cobb County Sheriff's Office. The May 13th Affidavit's Certificate of Service indicates a copy of the same was personally served on Petitioner, the Office of the Clerk of Superior Court, and the Cobb County Sheriff's Office.

**4.**

The Court has not received a copy of the Motion or Affidavit from Respondent and first reviewed both pleadings in open court during the instant hearing – June 2, 2026. The Motion, having been filed on May 7th, along with the Affidavit filed on May 13th, the Court **finds** it was not timely presented with the Motion and Affidavit by Respondent within the requisite time frame outlined in U.S.C.R. 25.1.

**5.**

Moreover, even if the Motion and Affidavit were timely, the Court does **not find** a basis for recusal. According to U.S.C.R. 25.2, "[t]he affidavit shall clearly state the facts and reasons for the belief that bias or prejudice exists, being definite and specific as to time, place, persons and circumstances of extra-judicial conduct or statements, which

---

[1] The Court notes that it became aware of the federal lawsuit on May 29, 2026, while preparing for the June 2nd calendar. The Court has not been served with any lawsuit in which he has been named as a defendant involving Respondent.

2

demonstrate either bias in favor of any adverse party, or prejudice toward the moving party in particular . . . which would influence the judge and impede or prevent impartiality in that action." Included in the affidavit should be "definite and specific foundational facts of the trial judge's extra-judicial conduct demonstrating a purported lack of impartiality and [] not stated in a conclusory fashion or as a matter of opinion." *Mayor & Alderman of City of Savannah v. Baston-Cook Co.*, 291 Ga. 114, 120 (2012). The affidavit "must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." *Graybill v. Attaway Construction & Associates, LLC.*, 341 Ga. App. 805 (2017) (citing to *Rice v. Cannon*, 283 Ga. App. 438, 443(2) (2007)). Taking these facts as true, a court must determine if they warrant recusal. *See id.*

In the case of *Rice v. Cannon*, 283 Ga. App. 438, 443 (2007), the appellate court affirmed the trial court's denial of a recusal, the basis of which was the court's perceived bias following the movant's filing of a federal lawsuit against the trial court. A federal lawsuit, premised on "conclusory, unsubstantiated allegations" based on the movant's dissatisfaction with prior rulings of the trial court, "cannot be used by litigants to delay the administration of justice and to judge shop." *Id.* at 444.

**6.**

Similarly, Respondent seeks to disqualify this Court based on his filing of a federal lawsuit in which this Court and 29 other defendants are named. The allegations contained therein concern Respondent's prior criminal and civil matters in both the Cobb County Magistrate and Superior Courts, as well as Fulton County Superior Court. The Court **finds** Respondent's allegations of bias, prejudice, or impartiality are conclusory allegations based on the speculative outcome of litigation in which this Court was named. Accordingly, the Court does **not find** Respondent's lawsuit filing is sufficient to support recusal.

3

**7.**

A judge may have a duty to *sua sponte* recuse himself in light of certain allegations, including those made under O.C.G.A. § 15-1-8.[2] Relying on O.C.G.A. § 15-1-8(a), Respondent argues this Court has a conflict of interest necessitating recusal.

**8.**

O.C.G.A. § 15-1-8(a) prohibits a judge from sitting on any case or proceeding in which he has a pecuniary interest. The case of *Robinson v. State*, 312 Ga. App. 736 (2011) is instructive as it involved a trial court proceeding with the criminal jury trial of a defendant who had filed a federal lawsuit against the court. There the defendant claimed the court had a "direct, certain, and immediate pecuniary interest in the outcome" of the federal suit, thereby requiring disqualification. *Id.* at 754. "The liability or pecuniary gain or relief to the judge must occur upon the event of the suit, not result remotely in the future." *Id.* (internal citations and punctuation omitted). The appellate court stated that the pecuniary interest alleged was as to the federal lawsuit, not the pending criminal matter where recusal was sought. *See id.* The trial court having no "direct and immediate interest in the criminal case," coupled with the speculative nature of the latter's effect on the federal lawsuit, the appellate court held recusal pursuant to O.C.G.A. §15-1-8(a) was not warranted. *See id.*

**9.**

Here, Respondent has neither alleged nor shown that the Court has a direct, certain, and immediate pecuniary interest in this case. Moreover, the Court does not have any direct, certain, or immediate pecuniary interest in this case. Accordingly, the Court does **not find** that Respondent has shown that this Court should be disqualified under O.C.G.A. § 15-1-8(a).

Based on the findings stated herein, the Court **ORDERS** Respondent's Motion to

---

[2] The duty to *sua sponte* recuse also exists for violations of Canon 2, Rule 2.11 (A), concerning matters where the impartiality of the court may reasonably be questioned; however the issue of impartiality is addressed in Paragraph 5 of the Order.

4

Recuse Judge Brendan F. Murphy be **DENIED**.

Said order was announced in open court.

NUNC PROTUNC
6-2-26

SO ORDERED this ___ day of ___ June ___, 2026.

_____
Brendan F. Murphy, Assisting Judge
Cobb Superior Court
Cobb Judicial Circuit

5

**IN THE SUPERIOR COURT OF COBB COUNTY**
**STATE OF GEORGIA**

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that service of a copy of the within and foregoing order (File Number 26-CV03033 has been made, attempted, or as otherwise indicated, upon the parties indicated herein and <u>only</u> as marked below, on or about the date listed:

Petitioner
**ANDRELL HALL**
**CONFIDENTIAL**

☐ Hand Delivered to petitioner : ☒ Cobb County Mail System | ☐ electronic mail | ☐ LiveSafe Resources) |
☐ via hand-delivery at hearing | ☐ via the Cobb County Mail System to address as noted | ☐ Sheriff service requested
| ☐ service to counsel for Petitioner |
(via ☐ hand-delivery in court | ☐ Cobb County Mail System to address: ☐ as noted ☐ as in the State Bar of Georgia Directory)

Respondent
**ELLIS RASPBERRY**
**5042 PACES STATION DR.**
**ATLANTA, GA 30339**

☐ address withheld (service via: ☒ Cobb County Mail System | ☐ electronic mail | ☐ LiveSafe Resources) |
☐ via hand-delivery at hearing | ☐ via the Cobb County Mail System to address as noted | ☐ Sheriff service requested
| ☐ service to counsel for Respondt |
(via ☐ hand-delivery in court | ☐ Cobb County Mail System to address: ☐ as noted ☐ as The State Bar of Georgia Directory)

Office of the Sheriff of Cobb County
Public Safety Building
32 Waddell Street
Marietta, GA 30090-9656

☐ via hand-delivery to deputy sheriff at hearing | ☒ certified copy – via hand delivery

This **5th** day of **June, 2026**.

For Hon. Brendan F. Murphy
Assisting Superior Court Judge
Per O.C.G.A. § 15-1-9.1
Cobb Judicial Circuit

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**26CV03033**

**PRESIDING JUDGE**
**JUN 02, 2026 05:22 AM**

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

THE SUPERIOR COURT FOR THE COUNTY OF COBB

STATE OF GEORGIA

ANDRELL HALL & OBO MINORS AR &AR ]
          Petitioner, ]
                         ]   CAF: 26CV03033
        v. ]
                         ]
ELLIS RASPBERRY ]
          Respondent. ]

## ENTRY OF APPEARANCE

Comes now James Ausenbaugh, and Cobb County Legal Aid, and enters his appearance for Petitioner
ANDRELL HALL.

/s/ James Ausenbaugh

**James Ausenbaugh**
**Attorney for Petitioner**
**Georgia Bar #028616**

Cobb County Legal Aid
30 South Park Square, #101
Marietta, GA 30060
jwbausenbaugh@atlantalegalaid.org
770-817-5542

🍎 EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**26CV01915**
ANGELA Z. BROWN
JUN 11, 2026 02:01 PM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

### IN THE SUPERIOR COURT OF COBB COUNTY
### STATE OF GEORGIA

ANDRELL HALL,                    )
                                 )
    Petitioner,              )        **CIVIL ACTION**
                                 )        **FILE NO. 26CV01915**
v.                               )
                                 )
ELLIS RASPBERRY,                 )
                                 )
    Respondent.              )

### *ORDER TO SET HEARING*

It is hereby ORDERED that each of the parties be and appear before the Honorable Angela Z. Brown, Judge, Superior Court of Cobb County on **August 20, 2026, at 9:00 a.m.**, for a **Contempt Hearing** in Courtroom 5400, Cobb County Superior Court, located at 70 Haynes Street, Marietta, Georgia 30090. All parties and witnesses shall appear in person.

*<u>Takedown:</u>*

Upon Request, the Court's court reporter will also be present to take down the hearing. The takedown fee is $43.31 per hour, and the parties will need to make arrangements with the court reporter prior to the hearing. Please email the court reporter at <u>Kimberly.Elias@cobbcounty.</u>gov at least one day prior to the hearing to let her know whether you are requesting the hearing to be taken down and to make payment arrangements.

SO ORDERED this _____ll_____ day of June, 2026.

_____
The Honorable Angela Z. Brown
Cobb County Superior Court
Cobb Judicial Circuit

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served the below interested parties in the foregoing matter by delivering a copy of the *Order to Set Hearing* through the U.S. Postal Service.

### Via U.S. Postal Service

Andrell Hall
2167 Cypress Lane, SW
Atlanta, Georgia 30331

Ellis Raspberry
5042 Paces Station Drive
Atlanta, Georgia 30339

This ___11th___ day of ___June___, 2026.

Keith M. Olmert
Staff Attorney to
The Honorable Angela Z. Brown
Cobb County Superior Court

**CERTIFIED MAIL**

Ellis Raspberry
PO Box 723252
Atlanta GA, 31139-9998

9589 0710 5270 4093 6455 65

**Retail**



30303

**RDC 99**

U.S. POSTAGE PAID
FCM LG ENV
ATLANTA, GA 30339
JUL 23, 2026

**$8.69**

S2324H501986-47

ATTN: Clerk of Court
75 TED TURNER DR SW
Unit 600, Atlanta GA, 30303

CLEARED DATE

JUL 2 7 2026

U.S. Marshals Service
Atlanta, GA 30303

CLEARED DATE

JUL 2 7 2026

U.S. Marshals Service
Atlanta, GA 30303