FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUL 27 2026

KEVIN P. WEIMER, Clerk
By: *Pmb*    Deputy Clerk

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

ELLIS MESHACH RASPBERRY, In Propria Persona,

and DIVINE CREATION OF RASPBERRY PRIVATE TRUST,

Plaintiffs,

v.                                            Civil Action No.: 1:26-cv-01546

COBB COUNTY, GEORGIA, et al.,

Defendants.

Honorable Steven D. Grimberg, Presiding

**PLAINTIFF'S SECOND NOTICE OF SUPPLEMENTAL FACTS**
**REGARDING THE WRITTEN ORDER DENYING RECUSAL OF**
**DEFENDANT JUDGE BRENDAN F. MURPHY AND THE SCHEDULING**
**OF A CONTEMPT HEARING BY DEFENDANT JUDGE ANGELA Z. BROWN**

COMES NOW Plaintiff Ellis Meshach Raspberry, Trustee of the Divine Creation of Raspberry

Private Trust, appearing pro se, and respectfully submits this Second Notice of Supplemental

Facts pursuant to Federal Rule of Civil Procedure 15(d) and the Court's inherent authority to

receive notice of material facts directly bearing on claims pending before it. This Notice is submitted separately from, and does not duplicate, Plaintiff's prior Notice of Supplemental Facts addressing the June 2, 2026 hearing in Case No. 26CV03033. This Notice addresses two subsequently issued written orders that came into Plaintiff's possession after that filing: (I) the written Order on Respondent's Motion to Recuse Judge Brendan F. Murphy, entered nunc pro tunc to June 2, 2026; and (II) an Order to Set Hearing entered by Defendant Judge Angela Z. Brown on June 11, 2026, scheduling a contempt hearing for August 20, 2026, in Case No. 26CV01915.

## I. THE WRITTEN ORDER DENYING RECUSAL OF JUDGE MURPHY

1. Following the June 2, 2026 hearing described in Plaintiff's prior Notice, Defendant Judge Brendan F. Murphy entered a written Order on Respondent's Motion to Recuse Judge Brendan F. Murphy in Case No. 26CV03033 (Cobb County Superior Court), file-stamped as entered the 5th day of June, 2026, with a handwritten notation "nunc pro tunc 6-2-26." Plaintiff brings the contents of that written order, now part of the public record, to this Court's attention as facts bearing directly on the retaliation and due process claims pending herein.

2. DENIAL ON PROCEDURAL TIMING GROUNDS. The written order states that Plaintiff's Motion to Recuse, filed May 7, 2026, and supporting Affidavit, filed May 13, 2026, were not "timely presented" to the Court within the requisite time frame, because the Court's staff did not learn of the filings until May 29, 2026, while preparing for the June 2 calendar. Plaintiff notes that the motion and affidavit were filed well in advance — twenty-six and twenty days, respectively, before the hearing — and that any delay in the presiding judge's own staff locating

or reviewing timely filed pleadings is an administrative circumstance attributable to the court, not to Plaintiff.

3. DENIAL ON THE MERITS. The written order further states that, even if timely, the Court would not find a basis for recusal, relying on the proposition that a litigant's filing of a federal lawsuit naming the presiding judge as a defendant does not, standing alone, support recusal. Plaintiff respectfully notes that this proposition does not address the more specific and more serious circumstance present here: Judge Murphy was not merely named as a defendant in an unrelated matter — he had, less than one month earlier, signed a substantive order in this very state court case (the May 5, 2026 continuance, described in the Second Amended Complaint at Paragraphs 70–71) while that status existed or was developing. The order's reliance on a general rule addressing remote or speculative conflicts does not resolve the distinct question of a judge ruling, in the same case, against a litigant who has named him as a federal defendant.

4. JUDICIAL ADMISSION REGARDING DATE OF AWARENESS. The written order contains a footnote stating: "The Court notes that it became aware of the federal lawsuit on May 29, 2026, while preparing for the June 2nd calendar. The Court has not been served with any lawsuit in which he has been named as a defendant involving Respondent." Plaintiff brings this statement to the Court's attention as a written, signed judicial admission, now part of the public record, establishing that Judge Murphy had actual personal knowledge of his status as a named federal defendant in this action no later than May 29, 2026 — four days before he presided over the June 2, 2026 hearing, refused Plaintiff's renewed oral recusal demand, and denied each of Plaintiff's seven pending motions described in Plaintiff's prior Notice. Plaintiff does not, by this Notice, contend that this footnote establishes knowledge as of the earlier May 5, 2026 order; Plaintiff brings it to the Court's attention precisely because it fixes, by the Defendant's own

written admission, the date by which knowledge is no longer in dispute, and that date precedes the June 2 conduct already at issue in this action.

5. ABSENCE OF ANY CITED AUTHORITY CONDITIONING DISQUALIFICATION ON FORMAL SERVICE. During the June 2, 2026 proceedings, Plaintiff directly and on the record asked Judge Murphy to identify the specific statutory or constitutional authority permitting him to decline recusal notwithstanding his admitted awareness of his named-defendant status. Judge Murphy did not identify any such authority on the record. Neither the oral ruling nor the subsequent written order cites any statutory, constitutional, or other binding provision conditioning a judicial officer's disqualification obligation upon formal service of process. The controlling federal due process standard, articulated in Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009), turns on whether a serious, objective risk of actual bias exists based on the judge's knowledge of the conflict — not on the procedural status of service of process. The written order's emphasis on the absence of formal service, unsupported by citation to any authority making service a precondition to the disqualification inquiry, does not resolve — and does not purport to resolve — the due process question Plaintiff has raised.

6. DISPUTED FACTUAL CHARACTERIZATION. The written order also recites, as background, that on May 5, 2026 the Court "having found evasion, entered an order continuing the hearing to June 2, 2026." Plaintiff disputes this characterization and reserves the right to address it through the ordinary course of this litigation; Plaintiff includes it here solely so the full text of the order is before this Court without omission.

## II. SCHEDULING OF CONTEMPT HEARING BY JUDGE ANGELA Z. BROWN

7. On June 11, 2026, Defendant Judge Angela Z. Brown — already a named Defendant in this federal civil rights action — entered an Order to Set Hearing in Case No. 26CV01915, ordering Plaintiff and the opposing party to appear before her on August 20, 2026, at 9:00 a.m., in Courtroom 5400, Cobb County Superior Court, 70 Haynes Street, Marietta, Georgia, for a contempt hearing. The order was served on Plaintiff via U.S. Postal Service on or about June 11, 2026.

8. Plaintiff brings this scheduled hearing to the Court's attention as a forward-looking fact directly relevant to Plaintiff's existing claims against Judge Brown for sustained denial of access to courts (Second Amended Complaint, Count IV) and First Amendment retaliation (Count VIII). Plaintiff notes that Judge Brown is the same judicial officer alleged to have refused to rule on more than fifty of Plaintiff's filings over a period exceeding five months, and that this newly scheduled contempt hearing arises from the same underlying case in which those filings remain pending and unaddressed.

## III. RELEVANCE TO PENDING CLAIMS

9. The facts set forth herein are relevant to Count I (Procedural Due Process), Count IV (Denial of Access to Courts), and Count VIII (First Amendment Retaliation) of the Second Amended Complaint. The written recusal order's own footnote resolves, in Plaintiff's favor, any factual dispute as to whether Judge Murphy possessed actual knowledge of his named-defendant status prior to presiding over the June 2, 2026 hearing and denying Plaintiff's motions. See Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009) (Due Process Clause requires recusal where a serious, objective risk of actual bias exists). The subsequent scheduling of a contempt hearing by Judge Brown, occurring while this federal action remains pending and while more than fifty of

Plaintiff's filings before her remain unaddressed, is consistent with the pattern of continuing retaliatory conduct already alleged. See Hartman v. Moore, 547 U.S. 250 (2006); Nieves v. Bartlett, 587 U.S. 391 (2019).

10. Plaintiff respectfully requests that the Court take judicial notice of these supplemental facts as further evidence of the continuing and escalating nature of the conduct described in the Second Amended Complaint, consistent with the relief requested at Paragraph 109(F) therein.

WHEREFORE, Plaintiff respectfully requests that the Court note these supplemental facts in the record of this action and consider them in connection with Plaintiff's pending claims and any request for expedited discovery or injunctive relief.

Respectfully submitted this 30th day of June, 2026,


Ellis Meshach Raspberry

Plaintiff, Pro Se

Trustee, Divine Creation of Raspberry Private Trust

PO Box 723252

Atlanta, Georgia 31139-9997

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of June, 2026, a true and correct copy of the foregoing

Second Notice of Supplemental Facts was served upon all named defendants or their counsel of

record via the Court's electronic filing system and/or U.S. Mail as appropriate for each

defendant.

_Ellis Meshach Raspberry_

Ellis Meshach Raspberry, Plaintiff, Pro Se